THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| UNITED STATES OF AMERICA, | ) | Case No. 2:09CR00070 DS |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER |
| CHAMNAP IN, | ) | |
| Defendant. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**I. INTRODUCTION**

Defendant Chamnap In has filed a Motion in Limine to Suppress the *Alford* Plea (Doc. #15) that he made in state court for the reasons that "Fed. R. Evid. 410 makes *Alford* pleas inadmissible in subsequent civil and criminal actions, and because factual stipulations in *Alford* pleas pose a unique risk of misleading the jury and confusing the issues". Mot. at 1. For the reasons that follow, the Motion is denied.

On November 16, 2009, Defendant asserts that he entered a guilty plea in Utah's Third Judicial District Court pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970). Based on that plea he was convicted of several offenses, including being a restricted person in possession of a dangerous weapon. Subsequently, the United States indicted Defendant for being a felon in possession of a firearm. Defendant contends that the United States intends to introduce his *Alford* plea to prove he committed the offenses he is

charged with and he seeks to have that plea and the related statements suppressed.

## II. DISCUSSION

### A. Fed. R. Evid. 410.

Defendant first contends that Fed R. Evid. 410[1] makes *Alford* pleas, and statements made in connection with *Alford* pleas, inadmissible in any subsequent proceeding. Although Defendant acknowledges that the rule does not explicitly mention *Alford* pleas, he contends that "*Alford* pleas and nolo contendere pleas are so closely related that, with the exception of the factual basis required for an *Alford* plea under Fed. R. Crim. P. 11(b)(3), the rules treat the pleas as analogous." Mem. Supp. at 3.[2]

Rule 410, for purposes relevant here, applies only if Defendant entered a guilty plea that was later withdrawn, or if he entered a plea of *nolo contendere*. That is not the factual situation presented. The Court rejects Defendant's premise that

---

[1]Fed R. Evid. 410, in relevant part, provides:
Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea, or was a participant in the plea discussions:
   (1) a plea of guilty which was later withdrawn;
   (2) a plea of nolo contendere;
      ....

[2]Defendant, among other cases, relies on *Fleck v. State Farm Ins. Co.*, 1990 WL 124648, *2 (Ohio Ct. App. 1990)("appellant's guilty plea, by way of a qualified *Alford* plea, operates in the same fashion as a *nolo contendere* plea ... in a subsequent civil action").

2

*nolo contendere* pleas and *Alford* pleas are the same for purposes of Rule 410. Had that been the intent of Rule 410, the drafters could have, but did not, so specify. *See also* Fed. R. Evid. 803(22)(excluding *nolo* pleas, but not *Alford* type pleas, from the hearsay exception for judgments of previous convictions after a trial or upon a plea of guilty).

The "*Alford* court's analogy [to *nolo* pleas] is only intended to show that an *Alford* guilty plea is the constitutional equivalent of a *nolo* plea [i.e. constitutionally valid]. The comparison in no way suggest that *Alford* pleas are the equivalent of *nolo* pleas for all practical purposes, particularly with respect to evidentiary standards which prohibit using *nolo* pleas as substantive evidence of guilt in a subsequent proceeding." *Zurcher v. Bilton*, 666 S.E. 2d 224, 227 n.2 (S.C. 2008).

Significantly, Defendant fails to address one important difference between the two pleas. *Alford* pleas are accepted only after inquiry into actual guilt.[3] "Before entering judgment on a guilty plea, the court must determine that there is a factual basis

---

[3] An *Alford* plea is one in which a defendant may maintain his innocence while agreeing to forego his right to a trial. ... As *Alford* and the cases which followed in its wake made clear, however, there must always exist some factual basis for a conclusion of guilt before a court can accept an *Alford* plea; indeed, a factual basis for such a conclusion is an essential part of an *Alford* plea." *Wirsching v. Colorado*, 360 F.3d 1191, 1204 (10th Cir. 2004)(citations and quotations marks omitted).

3

for the plea." Fed. R. Crim. P. 11(b)(3). Courts may accept a plea of *nolo contendere* without inquiring into actual guilt.[4] *Alford*, 400 U.S. at 35 n.8.

Defendant has provided no binding or persuasive authority that Defendant's *Alford* plea should be treated as anything other than a standard guilty plea for purposes of Rule 410. Absent such authority, and based on the ample authority treating *Alford* pleas

---

[4] "A plea of nolo contendere is 'a plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of the case to treat his as if he were guilty.'" *United States v. Buonocore*, 416 F.3d 1124, 1127 n. 2 (10th Cir. 2005)(quoting *North Carolina v. Alford*, 400 U.S. 25, 35 (1970)).

as having the same preclusive effect as a guilty plea[5], Defendant's

---

[5] *See e.g., United States v. Delgado-Lucio*, 184 Fed. Appx. 737, 740 (10th Cir. 2006)("an *Alford* plea is a guilty plea and properly considered as a prior criminal conviction for purposes of the Sentencing Guidelines"); *Zurcher v. Bilton*, 666 S. E. 2d 224, 227 (S.C. 2008)("we hold that the entry of an *Alford* plea at a criminal proceeding has the same preclusive effect as a standard guilty plea"); *Wirsching v. Colorado,* 360 F.3d 1191, 1204-05 (10th Cir. 2004)((quoting *Blohm v. C.I.R.*, 994 F.2d 1542, 1554-55 (11th Cir. 1993)(where a taxpayer after entering an *Alford* plea to tax evasion was collaterally estopped from denying fraud in a subsequent civil proceeding)"'collateral consequences flowing from an *Alford* plea are the same as those flowing from an ordinary plea of guilty'"); *Abimbola v. Ashcroft*, 378 F.3d 173 (2nd Cir. 2004), *cert. denied*, 546 U.S. 1036 (2005)(Alien's *Alford* plea to third-degree larceny was a conviction for purposes of INA); *Cortese v. Black*, 838 F. Supp. 485, 491 (D. Colo. 1993)("courts treat *Alford* pleas as having the same preclusive effect as a guilty plea"); *United States v. Mancinas-Flores*,__ F. 3d __, 2009 WL 5125773, *3 (9th Cir. 2009)(for purposes of Fed. R. Crim. P. "[a]n *Alford* pleas is simply shorthand for a guilty plea accompanied by a protestation of innocence. Thus when a defendant offers what courts and lawyers describe as an *Alford* plea, the defendant is actually offering, in Rule 11 terms, a guilty plea"); *United States v. Mackins*, 218 F.3d 263, 268 & n.3 (3rd Cir. 2000), *cert. denied*, 531 U.S. 1098 (2001)("[t]hat the defendant asserts his or her innocence, however, does not change the fact that he or she ultimately enters a guilty plea" and "an *Alford* plea is, without doubt, an adjudication of guilt" and "any sentence imposed pursuant to an *Alford* plea is a 'prior sentence' for purposes" of computing defendant's criminal history); *Ballard v. Burton*, 444 F.3d 391, 396-401 (5th Cir. 2006)(conviction on an *Alford* plea has the same consequences as any conviction for the rule that the defendant cannot maintain a subsequent civil action on a claim that necessarily implies the invalidity of the conviction); *Burrell v. United States*, 384 F.3d 22, (6th Cir.), *cert. denied*, 543 U.S. 993 (2004)(judgement based on *Alford* plea constitutes a conviction and can form the predicate offense for purposes of federal firearms statute); *Merchants Mut. Ins. Co. v. Arzillo*, 98 A.D.2d 495, 504 (N.Y. 1984)(*Alford* type plea could be used as evidence in a subsequent civil trial); *United States v. Krietemeyer*, 506 F. Supp. 289 (S.D. Ill. 1980)(*Alford* plea sufficient to establish civil liability under False Claim Act); *Graybill v. United States Postal Service*, 782 F.2d 1567, 1573 (Fed. Cir.),*cert. denied*, 479 U.S. 963 (1986)(*Alford* plea to charges of sexual misconduct with minor given preclusive effect in Merit

Motion must be denied.

### B. Factual Statement Supporting *Alford* Plea.

Defendant also urges that "[t]he factual statement that the state district court accepted in connection with [his] *Alford* plea presents a unique danger of misleading the jury because it appears to be an admission to the truth of the factual basis of the conviction", Mem. Supp. at 6, rather than "merely a recognition that the facts, if true, would be sufficient to convict him at trial", *id.*, and, therefore, should be suppressed.

The Court disagrees and concludes that with proper framing of the matter by Defense Counsel and instruction, if necessary, by the Court, "the danger of unfair prejudice, confusion of the issues, or misleading the jury" ,Fed. R. Evid. 403, by the introduction of the factual statement underlying Defendant's *Alford* plea is not outweighed by its probative value.

---

Systems Protection Board review of firing of government employee); *Crofoot v. United States Government Printing Office*, 761 F.2d 661, 665 (Fed. Cir. 1985)( *Alford* plea to a misdemeanor charge of false pretenses given preclusive effect in Merit Systems Protection Board review).

## III. CONCLUSION

For the reasons stated, Defendant's Motion to Suppress *Alford* Plea (Doc. #15) is denied.

IT IS SO ORDERED.

DATED this 20th day of July, 2010.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT